IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20583
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL GONZALEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-51-1
---------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Gonzalez appeals from his guilty-plea conviction and sentence for illegal reentry by a previously deported alien in violation of 8 U.S.C. § 1326. Gonzalez argues that in view of Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000), his prior felony conviction was an element of the offense under § 1326(b)(2) and not merely a sentence enhancement. He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998), but states that he is preserving it for possible Supreme Court review because the

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court indicated in <u>Apprendi</u> that <u>Almendarez-Torres</u> may have been wrongly decided.  Because the Supreme Court has not overruled <u>Almendarez-Torres</u>, this court is compelled to follow it.  <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).

Gonzalez also argues that the indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent.  Because Gonzalez did not challenge his indictment in the district court, we review whether it was constitutionally sufficient under a "maximum liberality" standard.  <u>See</u> <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233, 236 (5th Cir. 2000). Gonzalez's indictment "fairly imported that his reentry was a voluntary act" and satisfied the constitutional requirements of a valid indictment.  <u>See</u> <u>id.</u> at 236, 239 & n.13.

Accordingly, the judgment is AFFIRMED.